UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>OF<br><br>DONJON MARINE CO., INC., AS OWNER OF A 1972 STEEL MOTOR VESSEL, "BERGEN POINT" FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Petitioner. | Civil Action No. 09-1815 (SDW)(MCA)<br><br>**OPINION**<br><br>October 6, 2009 |

**WIGENTON**, District Judge

Before the Court is Ernest Moore's ("Claimant") Motion to Dismiss DonJon Marine Co., Inc.'s ("Petitioner") Complaint for Exoneration from or Limitation of Liability. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1392. The Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, this Court GRANTS Claimant's Motion to Dismiss.

**I.   FACTS AND PROCEDURAL BACKGROUND**

On March 26, 2007, Earnest Moore twisted his right ankle while working as a deck hand for Petitioner on a vessel named "Bergen Point." (Pet'r's Ex. A; Witte Decl. ¶ 2, July 24, 2009.) Claimant refused medical treatment at the time of the accident but visited a doctor the next day who confirmed that Claimant had suffered a right ankle sprain. (Pet'r's Ex. B.) The doctor also indicated that Claimant could return to work on March 30, 2007, but that his duty was to be modified as he could not stand for prolonged

periods of time, walk longer than 10 to 15 minutes, drive, or climb stairs or ladders, and he was to use a cane. (Pet'r's Exs. B and C.) Claimant was released from his doctor's care on May 14, 2007, and instructed that he could return to regular activity. (Pet'r's Ex. F.) At that time, his doctor's record indicated that Claimant's ankle injury had healed and that he expressed no complaints, demonstrated full ankle movement, and exhibited "no pain over the medial malleolus and a normal gait." (*Id.*)

On June 28, 2007, Claimant sent a letter to Petitioner stating the following:

> Re: Ernest Moore vs. Don Jon Marine
> Date of Accident: March 26, 2007
>
> Dear Sir or Madam:
>
> Please be advised that this office represents the above-named individual in connection with a claim for personal injuries he sustained on March 26, 2007.
>
> Said injuries were due to the negligence of Don Jon Marine Company Inc., and we will be pursing a claim on behalf of Mr. Moore under the Maritime Law and the Jones Act.

[(Claimant's Ex. A.)]

Petitioner sent a response on June 10, 2008, almost a year later, indicating that "all information in Donjon's file pertaining to [Claimant] indicated that he suffered a soft tissue injury only, which has fully healed." (Claimant's Ex. B.) Petitioner's letter also stated that medical records "indicating same" were enclosed. (Claimant's Ex. B.) On February 9, 2009, Claimant filed a Complaint alleging that Petitioner committed negligence and seeking damages in excess of $75,000. (Claimant's Ex. C.)

On April 16, 2009, Petitioner filed a Complaint for Exoneration from or Limitation of Liability with this Court. (Compl. Apr. 16, 2009.) According to Petitioner, the vessel at issue here was valued at approximately $17,950 in 2007, but a Certificate of

2

Market Evaluation included with the complaint indicates that the value of the vessel declined to $15,000 in 2009. (Witte Decl. ¶ 8; Pet'r's Ex. F; Compl. Ex. A.) Claimant now moves to dismiss Petitioner's Complaint for Exoneration from or Limitation of Liability, arguing that the June 28, 2007 letter triggered the period of limitations and thus Petitioner's Complaint should be dismissed with prejudice because it was filed after the permitted period. (Claimant's Br. 2.)

## II. DISCUSSION

46 U.S.C. § 30511(a) provides that "the owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter . . . within 6 months after a claimant gives the owner written notice of a claim." However, notice of the claim need not take the form of a formal complaint. *In re Complaint of Beesley's Point Sea-Doo, Inc.*, 956 F. Supp. 538, 540 (D.N.J. 1997). A letter will constitute a written notice of claim if it "(1) informs the vessel owner of claimant's 'demand of a right or supposed right,' (2) blames the vessel owner 'for any damage or loss,' or (3) calls upon the vessel owner for something due claimant." *Id.* at 541 (quoting *In re Loyd W. Richardson Constr. Co.*, 850 F. Supp. 555, 557 (S.D. Tex. 1993)). The court will examine "the 'whole tenor'" of a letter to determine if it is sufficient to constitute notice. *Id.*

The notice of claim must inform the vessel owner in writing "of an actual or potential claim, which may exceed the value of the vessel." *In re Complaint of Beesley's Point Sea-Doo, Inc.*, 956 F. Supp. at 540; see also *Van Le v. Five Fathoms, Inc.*, 792 F. Supp. 372, 374 (D.N.J. 1992). The start of the six month statutory period will begin "to run 'only upon its appearing that there is a reasonable possibility that the claims would

3

exceed the value of the ship.'" *Van Le v. Five Fathoms, Inc.*, 792 F. Supp. at 374 (quoting *In re Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982)). However, the vessel owner will not be excused from complying with the limitations period "[w]hen doubt exists as to whether the claims will exceed the value of the ship." *Id.* In such cases, the vessel owner has the burden to investigate and seek clarification as to "'whether the amount of the claim or other claims likely to be the subject of litigation arising out of the same occurrence may exceed the value' of the vessel and its freight." *Id.* (quoting *In re Complaint of Morania Barge No. 190, Inc.*, 690 F.2d at 34); see also *In re Complaint of Beesley's Point Sea-Doo, Inc.*, 956 F. Supp. at 541 (explaining that a claimant's failure to state in a letter that the value of the claim exceeds the value of the vessel does not automatically make the letter insufficient to trigger the limitations period unless the claimant affirmatively represents that the amount of the claim is less than the value of the vessel).

Petitioner relies heavily on *Group Therapy, Inc. v. White*, 280 F. Supp. 2d 21 (W.D.N.Y. 2003), *In re Complaint of Beesley's Point Sea-Doo, Inc.*, 956 F. Supp. 538, and *In re Complaint of Okeanos Ocean Research Foundation, Inc.*, 704 F. Supp. 412 (S.D.N.Y. 1989), in support of its argument that the June 28, 2007 letter was insufficient as a notice of claim and thus the six month period did not commence to run until Claimant filed his complaint. (Pet'r's Br. 2.) The courts in both *Group Therapy, Inc. v. White* and *Okeanos Ocean Research Foundation, Inc.* held that the letters in question did not satisfy the notice requirement because the petitioners could not know the nature or cause of injuries, nor that the claimants blamed the petitioners for the injuries and intended to seek damages from the petitioners. *Group Therapy, Inc. v. White*, 280 F.

4

Supp. 2d at 34-35; *In re Complaint of Okeanos Ocean Research Foundation, Inc.*, 704 F. Supp. at 416-17. In *Beesley's Point Sea-Doo, Inc.*, the court held that letters that referenced the name of a lawsuit against the petitioner, referred to claims, and threatened legal action, satisfied the notice of claim requirement. 956 F. Supp. at 542. This included one letter that stated that "[t]here was an accident, which occurred on a particular date, for which the writer of the letter, an attorney, believes [the petitioner] should be held liable." *Id.* at 542.

Here, similarly to *Beesley's Point Sea-Doo, Inc.*, the June 28, 2007 letter referenced the name of a lawsuit against Petitioner and indicated that as a result of Petitioner's negligence, Claimant suffered an accident that caused personal injuries. Petitioner was alerted to the date of the accident, for which it had an accident report, and instructed that Claimant had acquired legal representation for the matter. Unlike in *Group Therapy, Inc. v. White* and *Okeanos Ocean Research Foundation, Inc.*, the letter informed Petitioner that Claimant was blaming it for his injuries and would be pursuing a claim against Petitioner.

Although Claimant's letter did not specify the amount of damages sought, Petitioner had the burden of investigating further whether the amount of the claim could exceed the value of the vessel. Claimant did not make any affirmative representations regarding the total amount of the claim or whether it would be less than the value of the vessel. As stated above, the vessel owner will not be excused from complying with the limitations period when it is uncertain whether the claims will exceed the value of the vessel. Therefore, Petitioner received a notice of claim on June 28, 2007, and should have complied with the limitations period as of that date.

## III. CONCLUSION

For the reasons stated above, Claimant's Motion to Dismiss is hereby GRANTED.

                                                S/SUSAN D. WIGENTON, U.S.D.J.


Orig:   Clerk
cc:     Madeline Cox Arleo, U.S.M.J.